[Crim. No. 6850.   First Dist., Div. Four.   Apr. 2, 1968.]

In re BETTY SUE LOCKWOOD on behalf of BETTY SUE LOCKWOOD, a Minor, on Habeas Corpus.

Diane V. Delevett for Petitioner.

John R. Kennedy, County Counsel, and Nordin F. Blacker, Deputy County Counsel, for Respondent.

DEVINE, P. J.—Betty Sue Lockwood, a minor, by petition of her mother (who bears exactly the same name) seeks release from detention under an order of the juvenile court. When the petition was filed the minor was held by the Chief Probation Officer of the County of Santa Clara. Although she has been removed under court order and lives with relatives in Barstow, this court retains jurisdiction because the juvenile court committed Betty Sue Lockwood to the care, custody and control of the probation officer for a suitable foster home or relative placement.

The sole basis for the juvenile court's removing the child from the custody of her parents is the court's finding that she is a "dependent child" within the meaning of section 600, subdivision (b) of Welfare and Institutions Code because, the court found, she "resides within a home which is an unfit place for her by reason of depravity."

The question is whether there is substantial evidence that there exists depravity of a parent. We hold that there is not. The only evidence on which the court relied for its finding was testimony by a police officer that the girl told him that her father had had sexual intercourse with her and had molested her sexually. This was objected to as hearsay. The court admitted the testimony not for the truth of the alleged statements made by the girl, but simply to prove that the statements had been made.

There was evidence that the father was in custody awaiting trial on criminal charges. The court then decided that the very fact that the charges were made and the fact that the father was awaiting trial on those charges made the home unfit by reason of depravity as of "that time"—presumably, the time when the charges were made.

The second "fact" no longer exists. The father was tried on whatever charges were laid against him (this we were told at oral argument) and was acquitted.

Does the fact that the child made the charges in itself establish the home as one that is depraved? It was the opinion of the trial judge that the very making of charges such as those made herein put the father and the child in such position vis-a-vis each other that the home was not, as of that time, a fit place for the child to be.

We cannot accept this, and surely not when the father has been acquitted. There is *no* evidence in the juvenile court pro-

ceeding that the criminal acts were performed. The police officer's testimony was specifically limited so that it did not, as properly restricted, relate to the truth of the charges.

Respondent argues that the ''child victim of incest, or of any sexual crime'' is traumatized by relating the experience in court. But this argument assumes that the crime has been committed.

We need not consider what steps may be taken to protect a minor as a witness pending the prosecution of a parent who is alleged to have committed an offense against the child, because this is not the question before us. The minor here has been held a dependent child of the court under section 725, subdivision (c) of the Welfare and Institutions Code because her home was found to be an unfit place for her by reason of depravity of a parent, something far in excess of temporary protection of a witness.

We do not preclude any further investigation and protective measures which the law may permit. Acquittal does not necessarily mean more than that the criminal charges were not proved beyond a reasonable doubt. We do decide that evidence to support the juvenile court's finding is lacking.

The writ of habeas corpus is granted and Robert E. Nino, Chief Probation Officer of the Juvenile Probation Department of the County of Santa Clara, is ordered to return Betty Sue Lockwood to the custody, control and care of her parents.

Rattigan, J., and Christian, J., concurred.